UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RODERICK JONES,

Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

Defendant.
_____________________________________)

## COMPLAINT

The Plaintiff, RODERICK JONES ("JONES"), by and through his undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. JONES brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. JONES was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to JONES by LINA.

6. JONES was at all times material an employee of Science Applications International Corporation.

7. JONES was at all times material a plan participant under Group Policy LK-980003 (the "LTD Plan"), which is a Group Long Term Disability Insurance Policy issued to TRUSTEE OF THE GROUP INSURANCE TRUST FOR EMPLOYERS IN THE SERVICES INDUSTRY of which Science Applications International Corporation was a subscriber and pursuant to which JONES is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, JONES is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the

terms of the LTD Plan.

12. According to the LTD Plan,

> **Definition of Disability/Disabled**
> An Employee is Disabled if, because of Injury or Sickness,
> 1. he or she is unable to perform all the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and
> 2. after Disability Benefits have been payable for 24 months, he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings.

13. Since approximately July 1, 2011, JONES has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, JONES made a claim to LINA under the LTD Plan for disability benefits.

15. LINA initially approved and paid JONES's LTD benefits from December 28, 2011 through June 27, 2013.

16. By letter dated June 27, 2013, LINA denied JONES's continued claim for benefits and informed him that it would no longer pay him LTD benefits beyond June 27, 2013.

17. JONES appealed LINA's denial of June 27, 2013.

18. By letter dated April 10, 2014, LINA partially overturned its previous decision to deny benefits and awarded JONES benefits through December 27, 2013. However, LINA upheld its previous decision to deny benefits for the period of December 28, 2013 forward.

19. JONES appealed LINA's denial of April 10, 2014.

20. By letter dated April 27, 2015, LINA affirmed its previous decision to deny JONES's LTD claim for disability benefits beyond December 27, 2013.

21. JONES timely and properly filed an appeal of LINA's April 27, 2015 termination of LTD benefits.

22. By Letter dated January 8, 2016, LINA affirmed its previous decisions to deny JONES's LTD claim for disability benefits beyond December 27, 2013 and informed JONES that he had exhausted all administrative remedies and that no further appeals will be considered.

23. At all relevant times, JONES complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

24. At all relevant times, because of injury or sickness, JONES has been unable to perform the material duties of his regular occupation.

25. At all relevant times, because of injury or sickness, JONES has been unable to perform all the material duties of any occupation for which he may reasonably become qualified based on education, training or experience.

26. At all relevant times, because of injury or sickness, JONES has been unable to earn 80% or more of his indexed earnings.

27. At all relevant times, JONES has been under the regular care of a doctor.

28. At all relevant times, JONES was a Covered Person under the LTD Plan.

29. From December 28, 2013 through the present date, JONES has not received benefits owed to him under the LTD Plan despite JONES's right to these benefits.

30. LINA has refused to pay JONES's LTD benefits since December 27, 2013.

31. At all relevant times, LINA was the payer of benefits.

32. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

33. At all relevant times, LINA was appointed by the Plan Administrator as the named

fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

34. At all relevant times, JONES has been and remains Disabled and entitled to LTD benefits from LINA under the terms of the LTD Plan.

35. JONES has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

36. JONES incorporates Paragraphs 1 through 35 as if fully set forth herein.

37. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

38. Pursuant to 29 U.S.C. §1132(a)(1)(B), JONES, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

39. JONES has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA's failure to pay his disability benefits.

40. JONES has exhausted all administrative remedies under the LTD Plan.

41. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to JONES at a time when LINA knew, or should have known, that JONES was entitled to those benefits under the terms of the LTD Plan, as JONES was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in

relation to the applicable facts and LTD Plan provisions, for the termination of JONES's claim for LTD benefits;

(c) After JONES's claim was terminated in whole or in part, LINA failed to adequately describe to JONES any additional material or information necessary for JONES to perfect his claim, along with an explanation of why such material is or was necessary.

(d) LINA failed to properly and adequately investigate the merits of JONES's disability claim and failed to provide a full and fair review of JONES's claim.

42. JONES believes and thereon alleges that LINA wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which JONES is presently unaware, but which may be discovered in this future litigation and which JONES will immediately make LINA aware of once said acts or omissions are discovered by JONES.

43. Following the termination of benefits under the LTD Plan, JONES exhausted all administrative remedies required under ERISA, and JONES has performed all duties and obligations on his part to be performed under the LTD Plan.

44. As a proximate result of the aforementioned wrongful conduct of LINA, JONES has damages for loss of disability benefits in a total sum to be shown at the time of trial.

45. As a further direct and proximate result of this improper determination regarding JONES's claim for benefits, JONES, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), JONES is entitled to have such fees and costs paid by LINA.

46. The wrongful conduct of LINA has created uncertainty where none should exist;

therefore, JONES is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, RODERICK JONES prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;
4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and
6. Such other and further relief as this Court deems just and proper.

DATED: February 17, 2016

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Telephone: (954) 620-8300

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com